Case 1:18-cv-00028-TSK   Document 1   Filed 02/09/18   Page 1 of 8   PageID #: 1
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

ELECTRONICALLY FILED
Feb 09 2018
U.S. DISTRICT COURT
Northern District of WV

| | | |
|---|---|---|
| TRUSTEES OF THE 4TH DISTRICT IBEW HEALTH FUND<br>3150 U.S. ROUTE 60<br>ONA, WV 25545<br><br>Plaintiffs,<br><br>v.<br><br>CARDINAL ELECTRIC, INC.<br>180 VALLEY STREET<br>SALEM, WV 26426<br><br>Defendant. | * * * * * * * * * * | CASE NO. 1:18-cv-28 (Keeley)<br><br>JUDGE:<br><br><br><br>**COMPLAINT** |

**JURISDICTION AND VENUE**

1. This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et. seq.* Jurisdiction over suits against an employer for failing to make contributions to employee benefit funds as required is conferred upon this Court by ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145. This action also arises under the Labor Management Relations Act of 1947 (LMRA) § 301(a), 29 U.S.C. § 185(a), granting jurisdiction to this Court over suits for violations of a collective bargaining agreement between an employer and labor organization.

2. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the cause of action described herein occurred within the jurisdiction of the U.S. District Court for the Northern District of West Virginia.

**PARTIES**

3. Plaintiffs Trustees of the 4th District IBEW Health Fund ("Fund") are the Trustees of a multi-employer benefit plan and employee welfare benefit plan within the meaning of ERISA

§3(1), (3), 29 U.S.C. §1002(1), (3). Plaintiffs receive certain fringe benefit contributions from signatory employers for the purpose of providing fringe benefits to covered employees ("Participants"). Plaintiffs' principal place of business is located at 3150 U.S. Route 60, Ona, West Virginia 22545.

4. Defendant Cardinal Electric, Inc. is a West Virginia corporation that performed worked in the State of West Virginia, with its principal place of business located at 180 Valley Street, Salem, West Virginia 26426. At all material times, Defendant has been an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant is engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## STATEMENT OF CLAIM

### COUNT I
(ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)

5. Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

6. For all times relevant herein, Defendant was a party to and agreed to abide by the terms of 2 Collective Bargaining Agreements ("CBAs") (Ex. A)-(Ex. B).

7. The CBAs incorporate the Fund's Trust Agreement (Ex. C) and all documents related to the CBAs. The Trust Agreement grants authority to Plaintiffs to create a Collection Policy (Ex. D).

8. The Collection Policy requires Defendant to make all monthly reports and contributions before the 15th day of the month following the month in which work was performed. In the event contributions are not made by the 15th day of the month, they are considered delinquent and are subject to liquidated damages and interest charges. (Ex. D at p. 2.)

9. For the months of December 2016, March through May 2017, and August through September 2017, Defendant has failed to submit the required reports and/or monthly contributions to Plaintiffs.

10. Under the terms of the CBAs and ERISA § 502(g), 29 U.S.C. § 1132(g), the amounts owed for contributions are immediately due, as well as interest and liquidated damages on said contributions.

11. Defendant's failure to forward contributions, interest, liquidated damages and other amounts due and owing violates ERISA § 515, 29 U.S.C. § 1145, and Plaintiffs seek to remedy that violation pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

12. At present, because Defendant has failed to submit all of the required monthly reports, Plaintiffs cannot determine the exact amounts owed for contributions, liquidated damages, and interest. Plaintiffs seek an audit of Defendant's records, or in the alternative, an Order requiring Defendant to submit the required reports, to allow Plaintiffs to determine the amounts owed.

## COUNT II
(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
(Failure to Pay Contributions)

13. Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

14. For all times relevant herein, Defendant was a party to and agreed to abide by the terms of 2 Collective Bargaining Agreements ("CBAs") (Ex. A)-(Ex. B).

15. The CBAs incorporate the Fund's Trust Agreement (Ex. C) and all documents related to the CBAs. The Trust Agreement grants authority to Plaintiffs to create a Collection Policy (Ex. D).

16. The Collection Policy requires Defendant to make all monthly reports and contributions before the 15th day of the month following the month in which work was performed.

In the event contributions are not made by the 15th day of the month, they are considered delinquent and are subject to liquidated damages and interest charges. (Ex. D at p. 2.)

17. For the months of December 2016, March through May 2017, and August through September 2017, Defendant has failed to submit the required reports and/or monthly contributions to Plaintiffs.

18. Defendant's failure to forward contributions, interest, liquidated damages and other amounts that are due and owing is a breach of the CBA, and Plaintiffs seek to remedy that breach pursuant to LMRA § 301, 29 U.S.C. § 185.

19. At present, because Defendant has failed to submit all of the required monthly reports, Plaintiffs cannot determine the exact amounts owed for contributions, liquidated damages, and interest. Plaintiffs seek an audit of Defendant's records, or in the alternative, an Order requiring Defendant to submit the required reports, to allow Plaintiffs to determine the amounts owed.

## COUNT III
(ERISA Section 515 – Failure to Pay Liquidated Damages)

20. Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

21. For all times relevant herein, Defendant was a party to and agreed to abide by the terms of 2 Collective Bargaining Agreements ("CBAs") (Ex. A)-(Ex. B).

22. The CBAs incorporate the Fund's Trust Agreement (Ex. C) and all documents related to the CBAs. The Trust Agreement grants authority to Plaintiffs to create a Collection Policy (Ex. D).

23. The Collection Policy requires Defendant to make all monthly reports and contributions before the 15th day of the month following the month in which work was performed. In the event contributions are not made by the 15th day of the month, they are considered delinquent and are subject to liquidated damages and interest charges. (Ex. D at p. 2.)

4

24. The Fund assesses liquidated damages and interest for delinquent payments because failure to timely remit contributions jeopardizes the financial stability of the Fund and increases the administrative expense of the Fund.

25. The Collection Policy requires interest to be assessed at the rate of 1% from the first day of the month following the month the contributions were due. Liquidated damages are assessed at the rate of 10% for the first delinquent payment in a twelve (12) month period, 15% for the second delinquent payment in a twelve (12) month period and 20% for the third and all subsequent delinquent payments in a twelve (12) month period. (Ex. C at p. 2.)

26. For the months of September through November 2016 and January, February, June, July, and August 2017, Defendant failed to timely pay contributions to Plaintiffs. As a result, Defendant has incurred $3,759.15 in liquidated damages and interest.

27. Despite repeated demand to do so, Defendant has failed and otherwise neglected to make payment to the Plaintiffs.

28. Defendant's actions violation ERISA §515, 29 U.S.C. § 1145 and Plaintiffs seek to remedy that violation pursuant to ERISA §502(a)(3), 29 U.S.C. § 1132(a)(3).

## COUNT IV
(LMRA Section 301 – Breach of Contract)
(Failure to Pay Liquidated Damages)

29. Plaintiffs reallege each averment as set forth above as if fully rewritten herein.

30. For all times relevant herein, Defendant was a party to and agreed to abide by the terms of 2 Collective Bargaining Agreements ("CBAs") (Ex. A)-(Ex. B).

31. The CBAs incorporate the Fund's Trust Agreement (Ex. C) and all documents related to the CBAs. The Trust Agreement grants authority to Plaintiffs' to create a Collection Policy (Ex. D).

5

32. The Collection Policy requires Defendant to make all monthly reports and contributions before the 15th day of the month following the month in which work was performed. In the event contributions are not made by the 15th day of the month, they are considered delinquent and are subject to liquidated damages and interest charges. (Ex. D at p. 2.)

33. The Fund assesses liquidated damages and interest for delinquent payments because failure to timely remit contributions jeopardizes the financial stability of the Fund and increases the administrative expense of the Fund.

34. The Collection Policy requires interest to be assessed at the rate of 1% from the first day of the month following the month the contributions were due. Liquidated damages are assessed at the rate of 10% for the first delinquent payment in a twelve (12) month period, 15% for the second delinquent payment in a twelve (12) month period and 20% for the third and all subsequent delinquent payments in a twelve (12) month period. (Ex. C at 1.)

35. For the months of September through November 2016 and January, February, June, July, and August 2017, Defendant failed to timely pay contributions to Plaintiffs. As a result, Defendant has incurred $3,759.15 in liquidated damages and interest.

36. Despite repeated demand to do so, Defendant has failed and otherwise neglected to make payment to the Plaintiffs.

37. Defendant's actions are in violation of the CBAs and Plaintiffs seek to remedy that violation pursuant to LMRA §301, 29 U.S.C. § 185.

**WHEREFORE,** Plaintiffs demand the following relief:

A. An Order requiring Defendant to immediately submit all past due contribution reports, or in the alternative, for Defendant to be Ordered to fully comply with a payroll audit of their books and records;

B.   Judgment on behalf of Plaintiffs against Defendant for all unpaid fringe benefit contributions, as determined from Defendant's monthly reports, or as determined by a payroll audit;

C.   Judgment on behalf of Plaintiffs against Defendant for delinquent and unpaid contributions owed by Defendant to Plaintiffs, and for future deductions and fringe benefits that may accrue while this action is pending;

D.   Judgment on behalf of Plaintiffs against Defendant for liquidated damages and interest for late and/or unpaid contributions, and for future liquidated damages and interest for late and/or unpaid contributions that may accrue while this action is pending;

E.   An award of reasonable attorney fees incurred in connection with this action as provided for by the terms of the agreements and ERISA § 502(g), 29 U.S.C.§ 1132 (g)(2)(D);

F.   An award of statutory post-judgment interest on all delinquent principal contributions found due by this Order as provided for under ERISA § 502(g), 29 U.S.C.§ 1132 (g)(2)(B);

G.   An award of costs of the audit incurred by the Plaintiffs as provided for by the terms of the agreements;

H.   That this Court retain jurisdiction over this cause pending compliance with all Orders;

and

I.   Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132 (g)(2)(E).

                                      **TRUSTEES OF THE 4TH DISTRICT IBEW HEALTH FUND**
                                      By Counsel,

s/ John F. Dascoli, I.D. #6303
**JOHN F. DASCOLI, PLLC**
2442 Kanawha Boulevard, East
Charleston, West Virginia 25311
(304) 720-8684 telephone